1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10               San Francisco Division

11

12   IGNACIO AGUILAR,               Case No. 16-cv-01670-LB

13         Plaintiff,

14      v.                   **ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**

15   CITY OF CONCORD,          Re: ECF No. 49

16         Defendant.

17

18      The plaintiff moved to amend his complaint to name the Doe defendants and to include

19 theories of their liability. (Motion – ECF No. 49.[1]) The defendant opposes the motion and

20 observes that the deadline for amending pleadings has passed. (Opposition – ECF No. 51.) The

21 court finds that it can decide the motion without oral argument. *See* Civ. L. R. 7-1(b).

22      Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with

23 the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should

24 freely give leave when justice so requires." *Id.* This leave policy is applied with "extreme

25 liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A

26

27 ──────────────

28 [1] Record citations refer to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denial of leave to amend. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Motions to amend the pleadings filed after the date set in the court's scheduling order must satisfy the more stringent "good cause" showing required under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.

Under the circumstances, the court grants leave. The court appreciates the defendant's argument but finds that naming the Doe defendants does not meaningfully alter the litigation landscape. The court does not find bad faith and — while the timing is not ideal — does not find sufficient lack of diligence to deny amendment. The parties have a case-management conference set for June 22, 2017. They must address the effect of this order on the discovery issues that the defendant identifies and develop a plan that meets the defendant's discovery needs.

This disposes of ECF No. 49.

**IT IS SO ORDERED.**

Dated: June 1, 2017

LAUREL BEELER
United States Magistrate Judge