United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IGNACIO AGUILAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CONCORD, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-01670-LB<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**<br><br>Re: ECF No. 64 |

**INTRODUCTION**

This is an excessive-force suit under the Fourth Amendment and 42 U.S.C. § 1983.[1] Plaintiff Ignacio Aguilar claims that the defendants, City of Concord police officers Boccio and Phalen, physically abused him during an arrest.[2] His only federal claim is under § 1983. He also brings California-law claims for assault, battery, negligence, and under the state's Bane Act (Cal. Civ. Code § 52.1). On his state-law claims (except for the Bane Act claim), he sues the City of Concord for vicarious liability. *See* Cal. Gov't Code § 815.2. The defendants have moved under Federal

---

[1] *See generally* Am. Compl. – ECF No. 54. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] No one has given the court these officers' first names. Their own answer and Rule 12(c) motion identify them only as Officer Boccio and Corporal Phalen.

ORDER – No. 16-cv-01670-LB

Rule of Civil Procedure 12(c) for a judgment on the pleadings.[3] They primarily contend that the plaintiff's claims are legally conclusory and factually incomplete and indefinite. Because discovery is closed, moreover — and perhaps especially because the plaintiff did not depose the defendant officers, the defendants argue that it would be futile for the plaintiff to try and amend his complaint. They thus ask the court to dismiss the complaint with prejudice — or without leave to amend. All parties have consented to magistrate jurisdiction.[4] This matter can be decided without oral argument. *See* Civil L.R. 7-1(b). The court now grants in part the motion for judgment on the pleadings, mostly for the reasons that the defendants give, but gives the plaintiff one last chance to amend his complaint.

## STATEMENT

On November 30, 2014, Officer Boccio "stopped and detained" the plaintiff, who was walking to work, for violating a restraining order.[5] He ordered him to the ground.[6] As the plaintiff was trying "to comply with officers' orders to sit down, [Officer] Boccio elbowed [him] in the face causing the plaintiff to fall down to the ground."[7] "As the Plaintiff was now lying face down on the ground, defendant Boccio and or defendant Phalen wrapped the wire from their communication device around the Plaintiff's neck and began choking the Plaintiff from behind."[8] "Based on video footage," the plaintiff believes that the officers used additional force.[9] "[D]efendant Boccio struck the plaintiff with his fist or elbow after the Plaintiff was already on the ground and the defendant was on top of him."[10] "[W]ith the assistance of defendant Phalen,

---

[3] Mot. for J. on the Pleadings – ECF No. 64.

[4] ECF Nos. 13, 15.

[5] Am. Compl. – ECF No. 54 at 3 (¶ 8).

[6] *Id.* at 3 (¶ 9).

[7] *Id.*

[8] *Id.* at 3 (¶ 10).

[9] *Id.* at 3 (¶¶ 11–13).

[10] *Id.* at 3 (¶ 11).

ORDER – No. 16-cv-01670-LB 2

defendant Boccio hyper extended the Plaintiff's arm injuring his shoulder, back and arm."[11] And "with the assistance of defendant Phalen, . . . defendant Boccio intentionally slammed his knee into the Plaintiff's hyper extended arm, injuring his shoulder, back, and arm."[12] The plaintiff "suffered severe injuries to his back and shoulder area . . . causing him to undergo over a year of physical therapy."[13]

Mr. Agular charges the individual officers in claim one with excessive force in violation of the Fourth Amendment and § 1983. He brings state battery, assault, and negligence claims against both officers (claims two, four, and six) and the same state claims against the City of Concord based on its vicarious liability (claims three, five, and seven). His eighth claim charges the officers with violating the state's Bane Act by their excessive force.[14]

## GOVERNING LAW

After the pleadings are closed "but early enough not to delay trial," a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rules 12(c) analog" because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is proper if, taking all of [the plaintiff]'s allegations in its pleadings as true, [the defendant] is entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010).

---

[11] *Id.* at 3 (¶ 12).

[12] *Id.* at 3 (¶12-13).

[13] *Id.* at 3-4 (¶¶ 13–14).

[14] *Id.* at 5–10.

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**ANALYSIS**

The court essentially agrees with the defendants. The plaintiff's pleadings are deficient in much the ways that the defendants say. The factual allegations are not robust and sometimes are conclusory. That said, this case is not factually or legally complicated. And its core straightforwardness saves the plaintiff. The main charges are a federal claim of excessive force and the state equivalents (assault, battery, and the Bane Act), which follow the federal standards. Moreover, the complaint alleges that there is a video. (Though the court presumes that it belongs to a bystander and does not capture fully the events, given that the reference to the video is paired with the plaintiff's "belief" about excessive force.) And the plaintiff pleads his resulting injuries. It cannot be said that the defendants do not have fair notice of what they are being sued for, in terms of both factual allegations and legal theories.

Some of the complaint, though, does fail for reasons that the defendants identify. The court nonetheless thinks that the plaintiff should be allowed to amend his complaint. Even if discovery is closed, and the defendant officers have not been deposed, the facts that have been developed may allow the plaintiff to state a basically viable claim. The court is not a position to know. The court cannot say that amendment would be futile.

**1. Section 1983**

The defendants challenge the sufficiency of the complaint's allegations regarding Corporal Phelan, generally on the ground that alleging his "assistance" of Officer Boccio does not establish his integral participation or responsibility to intervene.[15] They also assert that the plaintiff cannot

---
[15] Mot. for J. on the Pleadings – ECF No. 64 at 10–11.

ORDER – No. 16-cv-01670-LB 4

charge Officer Boccio with excessive force and a failure to intervene; it has to be one or the other.[16]

### 1.1 Integral Participation (Phalen)

"An officer's liability under 42 U.S.C. § 1983 is predicated on his 'integral participation' in the alleged [constitutional] violation." *Blankenhorn v. City of Orange,* 485 F.3d 463, 481 n.12 (9th Cir. 2007) (citing *Chuman v. Wright,* 76 F.3d 292, 294–95 (9th Cir. 1996)). The "integral participant" rule "extends liability to those actors who were integral participants in the constitutional violation, even if they did not directly engage in the unconstitutional conduct themselves." *Hopkins v. Bonvicino,* 573 F.3d 752, 770 (9th Cir. 2009). Integral participation "does not require that each officer's actions themselves rise to the level of a constitutional violation." *Blankenhorn,* 485 F.3d at 481 n.12 (quoting *Boyd v. Benton Cnty.,* 374 F.3d 773, 780 (9th Cir. 2004)). "But it does require some *fundamental involvement* in the conduct that allegedly caused the violation." *Blankenhorn,* 485 F.3d at 481 n.12 (citing *Boyd,* 374 F.3d at 780) (emphasis added).

Only one fact allegation sufficiently supports the plaintiff's integral-participation theory against Corporal Phalen. The complaint alleges that Officer Boccio "and or" [*sic*] Corporal Phalen "wrapped the wire from their communication device around the Plaintiff's neck."[17] If the plaintiff is indeed alleging that Corporal Phalen did this, then that is enough to state a viable § 1983 participation claim. (Though it may be worth noting that the plaintiff's opposition brief identifies only Officer Boccio, not Corporal Phalen, as wrapping a wire around his neck.[18]) At the pleadings stage, the court finds the fact allegation sufficient.

Beyond this, the plaintiff has not sufficiently alleged that Corporal Phalen integrally participated in a constitutional violation. Apart from the wire-choking allegation, even in his opposition brief, the plaintiff points only to his allegation that Phalen "assisted" Boccio in

---

[16] *Id.* at 15–16.

[17] Am. Compl. – ECF No. 54 at 3 (¶ 10).

[18] Opp'n – ECF No. 66 at 3.

physically restraining him.[19]

The plaintiff claims only that, when Officer Boccio allegedly hyperextended his arm, and then "slammed his knee" into that arm, Officer Boccio acted "with the assistance of" Corporal Phalen.[20] He repeats this raw "assistance" allegation throughout his legal claims.[21] But he never says anything more specific about what Corporal Phalen allegedly did. The defendants rightly say that these naked "assistance" allegations are conclusory and fatally deficient. They are exactly the sort of formulaic recitations that *Iqbal* and *Twombly* rule out. While the allegation about the wire might suggest that Corporal Phelan was a "hands on" integral participant, the court will not assume that. The plaintiff must plead his actual integral participation.

To this extent, the court grants the defendants' motion. Were the complaint to go forward as currently pleaded, in other words, Corporal Phalen could be held liable (if at all) only for allegedly choking the plaintiff with his communications-device wire. The other "assistance" allegations will not support a prima facie participation theory under § 1983.

**1.2 Failure to Intervene (Phalen)**

This § 1983 theory is adequately pleaded. The plaintiff alleges that, during the incident, Officer Boccio elbowed him in the face, which knocked him to the ground; choked him with a wire; struck him while he was on the ground; hyperextended his arm; and then "slammed" his knee into that arm.[22] And he suggests that somewhere in all this, Corporal Phalen had an opportunity to intervene and halt the alleged constitutional violation.[23] The court thinks that this is just enough to survive a Rule 12(c) motion.

It should perhaps be noted that Corporal Phalen's allegedly "assisting" Officer Boccio is

---

[19] *Id.* at 3–4. The plaintiff expressly confirms that these "assistance" allegations are meant to support his § 1983 claim and his California claims for assault, battery, and violation of the state's Bane Act. *Id.*

[20] Am. Compl. – ECF No. 54 at 3 (¶¶ 12–13).

[21] *E.g., id.* at 4-5 (¶¶ 18–21).

[22] *Id.* at 3 (¶¶ 8–13).

[23] *See* Opp'n – ECF No. 66 at 5–6.

distinct from his allegedly failing to intervene. The court has already held that the current participation allegations against Corporal Phalen are insufficient because they are conclusory. But the intervention theory does not depend upon the flawed assistance allegations. All that is needed for the intervention theory to hold up is the allegation that Corporal Phalen had a "realistic opportunity" to intercede, but failed to. *See, e.g., Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000). The court thinks that, under the notice-pleading standard of Rule 8(a)(1), the complaint adequately claims these things. Or describes a situation in which these things are apparent. The pleading flaws that the defendants identify in this theory are real, but they are hyper-technical. The court will not dismiss this claim at the pleading stage.

**1.3 Failure to Intervene (Boccio)**

The defendants understandably raise an eyebrow at the plaintiff's failure-to-intervene theory as it is directed at Officer Boccio. Under the plaintiff's allegations, after all, Officer Boccio was the primary assailant. Yet the plaintiff also claims that Boccio failed to prevent Corporal Phalen from assisting in Boccio's use of force.[24] (The plaintiff indeed confirms that "it is [his] position that Defendant Boccio can be found . . . liable for failing to . . . prevent Defendant Phelan from assisting in the . . . excessive force . . . ."[25])

That is a visibly strange narrative. But it may not fall apart logically — though the court is not finally decided on that point — and, as far as the court knows, prompting a raised eyebrow does not a fatal legal deficiency make. Proof and further explication may show that excessive-force doctrine has room for such a theory. The court is not willing to reject this theory on the current record and under the parties' current analyses. That said, depending on the facts, probably the plaintiff needs to pick a theory and stick to it, and possibly the issue is resolvable for the reasons that the defendants advance.

---

[24] Opp'n – ECF No. 66 at 4–5.

[25] *Id.* at 5.

ORDER – No. 16-cv-01670-LB 7

The court suggests that the parties address the issue with better briefing at summary judgment and in the context of any amended pleading.

## 2. State-Law Claims

### 2.1 Boccio

The plaintiff's state-law claims survive with respect to Officer Boccio. The plaintiff says enough to state prima facie claims. This case is not factually complicated. And the relevant laws are familiar. In that context, at least with respect to Officer Boccio, the plaintiff's claims notify the defendants of what they are being sued for.

The defendants raise several arguments that, while possibly dispositive at summary judgment, do not warrant dismissing the complaint under Rule 12(c). For example, the defendants complain about the plaintiff's "mutually exclusive" causation theories against Officer Boccio. The defendants rightly observe that the plaintiff raises claims against Officer Boccio that entail both direct causation (e.g, the straight § 1983 claim) and indirect causation (the failure-to-intervene theory). The defendants argue that this ambiguity defeats the plaintiff's claim.[26]

The court is not convinced. Parties can always plead alternative theories. And the ambiguity that lies in the plaintiff's different theories of causation does not raise the logical knot, the inconsistency, that the defendants (rather less than clearly) identify. It certainly does not fatally undermine the plaintiff's claims. At the very least, this wrinkle in the allegations does not warrant dismissing the plaintiff's claims at the pleading stage. (The court's analysis of the excessive-force claim against Officer Boccio rests on this same analysis.)

The defendants also argue that the assault claim must fail because the plaintiff has also claimed battery. Battery is a "consummated assault," the defendants argue, which thus "subsume[s]" and precludes the assault claim.[27] At this stage, and on this briefing, the court rejects the argument. A plaintiff can plead both assault and battery as separate civil claims. It matters not

---

[26] *See* Mot. for J. on the Pleadings – ECF No. 64 at 15–16.

[27] *Id.* at 16.

ORDER – No. 16-cv-01670-LB 8

at the pleadings stage that, as the defendants correctly observe, a defendant "cannot be [criminally] convicted of both assault and battery."[28] That said, generally battery is the state charge that accompanies the federal excessive-force claim (and has the same legal instruction). *See May v. City of San Mateo*, No. 16-cv-00252-LB – ECF No. 173 (final jury instructions). But again at the pleadings state, and on this briefing, the court will not slim the pleadings. The issue is better addressed either at summary judgment or by the appropriate charges and theories at trial.

Finally in this area, the court will not dismiss the negligence claim. This claim may not be the most elaborately stated negligence claim ever, but the court thinks that, in connection with the alleged facts, it is adequately stated.

The California-law claims against Officer Boccio thus survive the defendants' challenges.

**2.2 Phalen**

The same cannot be said of the state-law claims against Corporal Phalen. Except for the allegation that he choked the plaintiff with a communication wire, the plaintiff's allegations against Corporal Phalen are vague and boilerplate. The court's analysis about the excessive-force claim drives the analysis here. The complaint's vague allegations that Corporal Phalen "assist[ed]" in the incident are insufficient to advance any of the state-law claims. These allegations do not give Corporal Phalen sufficient notice of what he is being sued for. If discovery is closed, and this vague charge of "assistance" is all that the defendants have to prepare their case on, what should they prepare to defend, exactly? Merely saying that Corporal Phalen "assisted" some wrong, without more, is equivalent to saying that Corporal Phalen "is also liable." That is plainly inadequate. The plaintiff has one more chance to sufficiently allege an actionable wrong by Corporal Phalen. (Again, apart from the wire-choking allegation.)

---

[28] *See id.* (quoting *People v. Lopez*, 47 Cal. App. 3d 8, 15 (1975)).

### 2.3 Vicarious Liability

The defendants' argument on this point is unpersuasive. The plaintiff clearly pleads vicarious liability under California Government Code § 815.2.[29] This would impose indirect liability on the City for the acts of the individual defendants. The vicarious claims are adequately pleaded.

The defendants correctly note that the plaintiff has not alleged a federal claim against the City under *Monell v. N.Y. Dep't of of Soc. Servs.*, 436 U.S. 658 (1978). The lack of a Monell claim does not affect the City's vicarious liability for California state-law torts.[30,31]

### CONCLUSION

The following claims are adequately pleaded: (1) the integral-participation theory against Corporal Phalen under § 1983 — insofar as it rests on the factual allegation that Corporal Phalen choked the plaintiff with a wire; (2) the failure-to-intervene theory against both individual defendants; (3) the California-law claims against Officer Boccio and against Corporal Phalen (based only on the choking allegation); and (4) the vicarious-liability claims against the City. With respect to the defendant's arguments concerning the amended complaint's (1) integral-participation theory against Corporal Phalen for assisting in Officer Boccio's restraining of the plaintiff; and (2) California state law claims against Corporal Phalen (on the same basis), the motion is granted with leave to amend. A second amended complaint may be filed with the court on or before **September 19, 2017**.

IT IS SO ORDERED.

Dated: September 5, 2017

LAUREL BEELER
United States Magistrate Judge

---

[29] *E.g.*, Am. Comp. – ECF No. 54 at 7 (¶ 33).

[30] *Id.* at 18.

[31] Despite the language in his opposition brief (ECF No. 66 at 9), the plaintiff has not alleged a false-imprisonment claim. Everyone makes mistakes. But better precision would head off any potential confusion, and would facilitate better analyses. The court would also remind both sides that, when citing an electronic database (such as Westlaw or Nexis), a case citation should carry the exact day on which the cited order was entered. Failing to give that date often hampers the court's work.